UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HARRY THARP, Jr., | ) Case No. 1:17CV2468 |
| | ) |
| Petitioner, | ) JUDGE JOHN R. ADAMS |
| | ) |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| LASHANN EPPINGER, Warden, | ) |
| | ) |
| Respondent. | ) REPORT AND RECOMMENDATION |

Petitioner Harry Tharp, Jr. ("Tharp" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Tharp*, Case No. CR-15-598816-A (Cuyahoga County, Ohio Feb. 18, 2016). (R. 1; R. 7-1, RX 4, PageID #: 72-73.). The petition follows his state court convictions for corrupting another with drugs and importuning. (R. 1, petition, PageID #: 1.)

Tharp's petition raises two grounds for relief:

1. Petitioner's due process rights were violated when he was subjected to successive prosecution for the same offense regarding (Corrupting another with drugs), in Counts 1 and 6; and (importuning), in Counts 3 and 8.

2. Petitioner's due process rights were violated when he was denied the effective assistance of appellate counsel on his first appeal of right.

(R. 1, § 12, PageID #: 6, 8.). Respondent has filed an Answer/Return of Writ (R. 7) and the petitioner has filed a Traverse (R. 10). For the following reasons, the magistrate judge recommends that the petition be denied.

1

I. FACTUAL AND PROCEDURAL BACKGROUND

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) ("State-court factual findings are presumed correct unless rebutted by clear and convincing evidence.") The Ohio Eighth District Court of Appeals ("state appellate court") provided the following background:

> Harry Tharp, Jr. ("Tharp") pled guilty to two counts of corrupting another with drugs, a second-degree felony, and two counts of importuning, a fifth-degree felony. Subsequently, the court sentenced Tharp to four years in prison for each corrupting another with drugs count, to run consecutively, and one year in prison for each importuning count, to run concurrently, for an aggregate sentence of eight years in prison.
>
> * * * * * *
>
> Tharp was indicted with ten felony counts for supplying his 15-year-old daughter and her 15-year-old friend with alcohol, cocaine, and crack cocaine, then attempting to solicit sex from them. Tharp pled guilty to the four counts detailed above, and the remaining counts were dismissed.

(R. 7-1, RX 14, PageID #: 128, 131-132; *State v. Tharp*, No. 104216, 2016 WL 7427294, at *1, *3 (Ohio Ct. App. Dec. 22, 2016).)

A. Direct Appeal

Tharp filed a notice of appeal through counsel on March 10, 2016. (R. 7-1, RX 7.) On May 12, 2016, counsel filed a Motion for Leave to Withdraw as Appellate Counsel, with an *Anders* brief.[1] (R. 7-1, RX 9.) In her *Anders* brief, counsel suggested two possible errors to the state appellate court:

---

[1] *See Anders v. California*, 386 U.S. 738, 744-745 (1967).

>  1.  The court erred by imposing prison terms for the second and fifth degree felonies.
>
>  2.  The court erred when it imposed multiple prison terms and ran them consecutively.

(R. 7-1, RX 9, PageID #: 90-91.) The state appellate court held counsel's motion in abeyance pending review of a merit brief filed by appellant *pro se*. (R. 7-1, RX 10.)

In his *pro se* merit brief, Tharp raised two assignments of error:

> 1. The trial court erred as a matter of law by failing to make a determination as to whether the multiple counts in this case were allied offenses of similar import and thus, under the Double Jeopardy Clause, required merger for sentencing.
>
> 2. Appellant was deprived of the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments where counsel failed to raise any objection to the failure of the trial court to make a determination as to whether the multiple counts in this case required merger under the Double Jeopardy Clause.

(R. 7-1, RX 11, PageID #: 99.) The following day, Tharp *pro se* filed a supplemental brief, raising a third and fourth assignment of error, asserting:

> 3. The trial court committed plain error in imposing individual sentences for counts that constitute allied offenses of similar import.
>
> 4. The trial erred or abused its discretion because consecutive sentence is disproportionate to the seriousness of appellant's conduct with regard to corrupting another with drugs and importuning.

(R. 7-1, RX 12, PageID #: 111.)

On December 22, 2016, the state appellate court granted counsel's motion to withdraw (R. 7-1, RX 13), overruled Tharp's assignments of error, and affirmed the trial court's judgment. (R. 7-1, RX 14, PageID #: 131, 139; *Tharp*, 2016 WL 7427294, at *2, *6.) Tharp did not file a timely appeal to the Supreme Court of Ohio. *See generally* Ohio S.Ct.Prac.R. 7.01(A)(1) (45 days to file).

3

B. Rule 26(B) Application

On February 13, 2017, Tharp filed an application to reopen his appeal pursuant to Ohio App. Rule 26(B). (R. 7-1, RX 15.) Tharp argued that appellate counsel was ineffective:

> . . . because counsel failed to recognize on the face of the sentencing transcripts . . . that the trial court judge improperly notified appellant about post-release control regarding two counts of corrupting another with drugs . . . that are not sex offenses, as to render the sentences contrary to law.

(R. 7-1, RX 15, PageID #: 143.)

The state appellate court denied Tharp's application to reopen. (R. 7-1, RX 18; *State v. Tharp*, No. 104216, 2017 WL 1955281 (Ohio Ct. App. May 9, 2017).) The court concluded that Tharp could not press an ineffective assistance of counsel claim because he had represented himself *pro se* on appeal. (R. 7-1, RX 18, PageID #: 164; *Tharp*, 2017 WL 1955281, at *1.) The court also ruled that, even if his application had not been barred on that basis, his proposed assignment of error failed on the merits. (R. 7-1, RX 18, PageID #: 165; *Tharp*, 2017 WL 1955281, at *1.)

On June 12, 2017, Tharp filed an appeal with the Ohio Supreme Court, setting forth the following four propositions of law:

> 1. Whether in this instance, did the court of appeals [err] in finding appellant's application to reopen his appeal was barred by self-representation?
>
> 2. Whether in this instance, did the courts of appeals [err] in relying upon the language contained in [Ohio Rev. Code] 2967.28(F)(4)(c), which conflicts with the requirements of [Ohio Rev. Code] 2929.19(B)(2)?
>
> 3. Whether in this instance, is appellant actually innocent of one count of corrupting another with drugs in counts 1 and 6 because they are allied offenses of similar import under [Ohio Rev. Code] 2941.25(A)?
>
> 4. Whether in this instance, is appellant actually innocent of one count of importuning in counts 3 and 8 because they are allied offenses of similar import under [Ohio Rev. Code] 2941.25(A)?

4

(R. 7-1, RX 21, PageID #: 171.) The Ohio Supreme Court declined to accept jurisdiction of the appeal, on September 13, 2017. (R. 7-1, RX 22; *State v. Tharp*, 150 Ohio St.3d 1433, 81 N.E.3d 1273 (2017).)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim that a state court adjudicated on the merits. The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. *See also Price v. Vincent*, 538 U.S. 634, 640 (2003). A state court decision, however, is not unreasonable simply because the federal court considers the

5

decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

Tharp has filed his petition *pro se*. The pleadings of a petition drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and they will be liberally construed. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)). However, no other special treatment is afforded litigants who decide to proceed *pro se*. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

### III. PROCEDURAL DEFAULT

The respondent contends that Tharp has procedurally defaulted both his habeas claims. (R. 7, PageID #: 41-44, 56-59.) A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court and not pursuing the claim through the state's ordinary review process. *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

#### A. Ineffective Assistance of Counsel

The second ground for relief in Tharp's petition asserts: "Petitioner's due process rights were violated when he was denied the effective assistance of appellate counsel on his first appeal

6

of right."[2] (R. 1, § 12, PageID #: 8.) Respondent argues that the second ground is procedurally defaulted because Tharp failed to comply with applicable state procedural rules. (R. 7, PageID #: 56-57.)

Ohio law provides that claims for ineffective assistance of appellate counsel must be raised in a motion for reconsideration before the Ohio Court of Appeals. *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) (citing *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B). The state appellate court — when considering Tharp's Ohio Appellate Rule 26(B) application to reopen his appeal — noted that Tharp's appellate counsel was permitted to withdraw and Tharp pursued his appeal *pro se*, filing his own brief on the merits and assignments of error. (R. 7-1, RX 18, PageID #: 164; *Tharp*, 2017 WL 1955281, at *1.) In denying Tharp's application, the state appellate court concluded:

> Generally, a reopening of an appeal under App.R. 26(B) is not available to a defendant who chooses to file pro se assignments of error. *See, e.g., State v. Tyler*, 71 Ohio St.3d 398, 643 N.E.2d 1150 (1994); *State v. Boone*, 114 Ohio App.3d 275, 279, 683 N.E.2d 67 (7th Dist. 1996); and *State v. Hurt*, 8th Dist. Cuyahoga No. 96032, 2012-Ohio-4268. Indeed, the scope of App.R. 26(B) is limited to a claim of ineffective assistance of appellate counsel, and a defendant who represents himself on appeal cannot later argue his own ineffectiveness in an application to reopen under App.R. 26(B). See *State v. Perotti,* 8th Dist. Cuyahoga No. 73743, 1998 Ohio App. LEXIS 5962, 1998 WL 855621 (Dec. 10, 1998), reopening disallowed, 2005-Ohio-2175.

(R. 7-1, RX 18, PageID #: 164-165; *Tharp*, 2017 WL 1955281, at *1.)

Respondent argues, correctly, that this court must accept the state court's interpretation of Ohio law. (R. 7, PageID #: 57.) Indeed, a habeas court is bound by state court interpretations of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Small v. Brigano*, No. 04-3328, 2005

---

[2] The court's analysis begins with Petitioner's second ground for relief because Tharp contends ineffective assistance of counsel provides cause to excuse the procedural default of his petition's first ground for relief.

WL 1432898, at *5 (6th Cir. June 17, 2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *see generally Johnson v. Fankell*, 520 U.S. 911, 916 (1997). Ohio courts have consistently held that a defendant who represents himself on direct appeal may not maintain a Rule 26(B) application to reopen the appeal based on ineffective assistance of appellate counsel. *See, e.g.*, *State v. Kennedy*, No. 99378, 2014 WL 265488 (Ohio Ct. App. Jan. 17, 2014) (citing cases); *State v. Hurt*, No. 96032, 2012 WL 4243652 (Ohio Ct. App. Sept. 14, 2012); *State v. Effinger*, No. 93450, 2009 WL 3155133 (Ohio Ct. App. Sept. 28, 2009).

When a state court has not addressed a prisoner's federal claim because the prisoner failed to meet a state procedural rule, then the state judgment rests on independent and adequate state procedural grounds that may bar subsequent federal habeas relief. *Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Morales v. Coyle*, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), *aff'd*, 507 F.3d 916 (6th Cir. 2007). Moreover, when a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (quoting *Coleman*, 501 U.S. at 750); *Davie v. Mitchell*, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), *aff'd*, 547 F.3d 297 (6th Cir. 2008), *cert. denied*, 558 U.S. 996 (2009).

The court considers four factors when analyzing whether a petitioner's claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state

ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Buell*, 274 F.3d at 348 (citing *Maupin*, 785 F.2d at 138); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (quoting *Maupin*). It is apparent that the state appellate court ruling, in accordance with Ohio law, denying Tharp's Rule 26(B) application to re-open his appeal satisfies the first three factors.

Furthermore, Tharp's filings do not demonstrate cause for his failure to follow the procedural rule.[3] *See generally* R. 10. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" that impeded the petitioner's efforts to comply with the state's procedural rule. *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Tharp argues that his appellate counsel was ineffective because she filed a motion to withdraw as counsel, and filed an *Anders* brief. (R. 10, PageID #: 298-299.) Yet Tharp does not demonstrate that counsel's actions, and the state appellate court's decision granting the motion to withdraw as counsel, resulted in a state-court decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Rather, counsel proceeded exactly as the Supreme Court has instructed counsel to do, in a similar situation. *See Anders*, 386 U.S. at 744-745.

The second ground of the petition, alleging ineffective assistance of appellate counsel, has no merit and is procedurally defaulted.

---

[3] Tharp seeks to excuse his procedural default of the first ground for habeas relief, under the fundamental miscarriage of justice exception. (R. 10, PageID #: 295-296.). The court addresses that issue *infra*. Although Tharp does not explicitly raise this argument in connection with the second ground for habeas relief, the analysis contained *infra* would be identical.

B.  Successive Prosecution Claim

The first ground in Tharp's petition for habeas relief contends his "due process rights were violated when he was subjected to successive prosecution for the same offense[s]." (R. 1, § 12, PageID #: 6.)  Petitioner asserts that Count 1 and Count 6 (corrupting another with drugs) were "duplications," as they relied on the same evidence.  *Id.*  Likewise, Petitioner argues that Count 3 and Count 8 (importuning) were "duplications" for the same reason.  *Id.* Respondent argues that Tharp's first ground was not fairly presented to the state courts; and, therefore, is procedurally defaulted.  (R. 7, PageID #: 41.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  *Coleman*, 501 U.S. at 731; *Buell*, 274 F.3d at 349 (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir.), *cert. denied*, 534 U.S. 977 (2001)).  This court does not have jurisdiction to consider a federal claim in a habeas petition that was not fairly presented to the state courts.  *Baldwin v. Reese*, 541 U.S. 27 (2004); *Jacobs*, 265 F.3d at 417.

The Sixth Circuit has held that "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also Brandon v. Stone*, No. 06-5284, 2007 WL 786330, at *1 (6th Cir. March 15, 2007) (citing *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004)); *Jalowiec v. Bradshaw*, No. 1:03CV0645, 2008 WL 312655, at *24 (N.D. Ohio Jan. 31, 2008), *aff'd*, 657 F.3d 293 (6th Cir. 2011), *cert. denied,* 568 U.S. 828 (2012).  A claim is not preserved for federal habeas review merely because its underlying factual basis is related to another claim.  *Lott v. Coyle*, 261 F.3d 594, 607 (6th Cir. 2001), *cert. denied*, 534 U.S. 1147 (2002).  Those issues which were not fairly presented to the state courts cannot be considered by a federal court considering a habeas petition.  *Baldwin*, 541 U.S. at 29; *Jacobs*, 265 F.3d at 415.

10

It is apparent that Tharp did not fairly present to the state courts the claim in the first ground of his petition for a wit of habeas corpus; and, therefore, it cannot be the basis for habeas relief. On direct appeal, Tharp did not assert that the state violated his due process rights by prosecuting him on "duplicate" charges, which is the basis for his first habeas claim. (R. 1, § 12, PageID #: 6.) Rather, on appeal he raised two assignments of error (the first and third) that attacked his sentencing, rather than his prosecution. (R. 7-1, RX 11, PageID #: 99; RX 12, PageID #: 111.)[4] His first assignment of error asserted that the trial court erred by failing to determine that multiple counts in his case were allied offenses of similar import, under Ohio state law, that required merger for sentencing. (R. 7-1, RX 11, PageID #: 99, 101-103.) His third assignment of error on direct appeal asserted that "[t]he trial court committed plain error in imposing individual sentences for counts that constitute allied offenses of similar import." (R. 7-1, RX 12, PageID #: 111, 112-114.) In his brief on appeal challenging his sentence, he recognized that he could be indicted (i.e., prosecuted) on these counts, by quoting Ohio law:

> Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(R. 7-1, RX 12, PageID #: 112, quoting Ohio Rev. Code § 2941.25(A).) The state appellate court, however, rejected Tharp's allied offenses argument. (R. 7-1, RX 14, PageID #: 137-138; *Tharp*, 2016 WL 7427294, at *5-*6.)

---

[4] As indicated above, Tharp raised two additional assignments of error in his direct appeal; the second asserted ineffective assistance of trial counsel for not objecting to the trial court's alleged failure to determine whether multiple counts required merger, and the fourth asserted the trial court erred because "consecutive sentence is disproportionate to the seriousness of appellant's conduct with regard to corrupting another with drugs and importuning." (R. 7-1, RX 11, PageID #: 99, 104-105; RX 12, PageID #: 111.)

11

The record reflects that Tharp failed to properly exhaust the claim in his first habeas ground by raising it on direct appeal. Because the claim was not raised in the state court of appeals, it is barred by the Ohio rule of res judicata. *Lott*, 261 F.3d at 611-612; *Rust v. Zent*, 17 F.3d 155, 160-161 (6th Cir. 1994). Tharp cannot return to state court to exhaust the claim because the Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal, but were not, are barred from consideration, under the doctrine of res judicata. *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985); *Adams v. Bradshaw*, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007); *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9).

Because state law no longer would permit Tharp to raise this claim, it is defaulted. *See Williams*, 460 F.3d at 806; *Adams*, 484 F.Supp.2d at 769. "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806 (citing *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). When state court remedies are no longer available to the petitioner, procedural default and not exhaustion bars habeas review. *Id.* Where the petitioner fails to demonstrate cause and prejudice to excuse the default, the claim is barred. *Id.* at 807.

In his Traverse, Tharp argues that his first ground should not be procedurally defaulted for two reasons. First, he contends that any procedural default should be excused under the fundamental miscarriage of justice exception. (R. 10, PageID #: 296.) In particular, Tharp claims he "can possibly set forth newly discovered evidence to show he is actually innocent of the degree charged regarding the offenses of importuning." *Id.* Later in his Traverse, Tharp asserts he "has come forward with newly discovered evidence released and journalized by the

12

court of appeals on December 22, 2016. See, (State's Exhibit PageID # 32)." (R. 10, PageID #: 300.)

The Supreme Court has recognized a "narrow exception" to the procedural default rule "when the habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense." *Dretke v. Haley*, 541 U.S. 386, 388 (2004) (citing *Murray*, 477 U.S. 478). The fundamental miscarriage of justice exception applies only to a "narrow range of cases." *Schlup v. Delo*, 513 U.S. 298, 314-315 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). The Supreme Court has instructed that the exception should remain "rare," applied only in the "extraordinary case." *Id.* at 321. The fundamental miscarriage of justice exception is explicitly linked to a showing of the petitioner's actual innocence. *Id.* The Sixth Circuit has indicated:

> . . . the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." The [Supreme] Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." To be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable evidence* – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'"

*Souter v. Jones*, 395 F.3d 577, 589-590 (6th Cir. 2005) (emphasis added) (internal citations omitted).

Tharp's claim of actual innocence is contradicted by his guilty plea to four counts in state court. *See, e.g.*, *Vanwinkle v. United States*, 645 F.3d 365, 370 (6th Cir. 2011) (defendant's plea serves as admission that he is not innocent of the crimes charged); *Carter v. Mitchell*, 443 F.3d 517, 538-539 (6th Cir. 2006), *cert. denied,* 549 U.S. 1127 (2007); *Canty v. Cason*, 56 Fed. Appx

660, 662 (6th Cir.), *cert. denied,* 539 U.S. 931 (2003). The record demonstrates the following: Tharp appeared in the trial court; he was represented by counsel; the trial court advised him of his constitutional rights; and, Tharp entered a plea of guilty to charges in Counts 1 and 6 of corrupting another with drugs and Counts 3 and 8 of importuning. (R. 7-1, RX 3, PageID #: 71; R. 10, PageID #: 287.) Tharp has never contended that his guilty plea should be found invalid. *See generally* R. 7-1, RX 11, PageID #: 99; RX 12, PageID #: 111; RX 15, PageID #: 143. Nor does the record indicate that Tharp entered an *Alford* plea.[5] *See generally* R. 7-1, RX 3, PageID #: 71. The court finds no indication in the record, and Tharp points to none, that Tharp entered "a plea containing a protestation of innocence." *Alford*, 400 U.S. at 37.

Moreover, Tharp does not provide any new reliable evidence that would tend to establish his innocence, for purposes of overcoming his procedural default. As noted above, Tharp asserts that the "newly discovered evidence [was] released and journalized by the court of appeals on December 22, 2016. See, (State's Exhibit PageID # 32)." (R. 10, PageID #: 300.) The page cited by Tharp is simply a factual summary in the respondent's Return of Writ. *See* R. 7, PageID #: 32. It contains no reference to any newly discovered evidence.

Although he does not refer to it in the body of his Traverse, Tharp did attach an "Intake Report Form" from the Ohio Department of Job & Family Services, dated August 25, 2015, which he labeled as "new evidence." *See* R. 10-1, PageID #: 302-304. The form sets forth the allegations reported to the agency by the daughter. *Id.* Tharp's Traverse does not discuss how the document constitutes new reliable evidence or what he contends the alleged evidence would

---

[5] An *Alford* plea allows the defendant to maintain his innocence while agreeing to forego his right to a trial. *Peveler v. United States*, 269 F.3d 693, 703 (6th Cir. 2001) (citing *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).)

14

establish. The court does not find that this unauthenticated form or Tharp's general arguments undermine confidence in his conviction; nor does the court find that this is the type of "extraordinary case" contemplated by the Supreme Court. *See Murray*, 477 U.S. at 496. The court finds that the miscarriage of justice exception does not apply here to excuse Tharp's procedural default.

Tharp bases the second argument that his claim should not be procedurally defaulted upon a due process violation theory stemming from alleged ineffective assistance of trial and appellate counsel. (R. 10, PageID #: 298.) Ineffective assistance of counsel can serve as cause to overcome procedural default. *Smith v. Ohio Dep't of Rehab. and Corr.*, 463 F.3d 426, 432 (6th Cir. 2006). However, an ineffective assistance of counsel claim, which could be asserted as cause for another procedurally defaulted federal claim, can itself be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Edwards*, 529 U.S. at 452; *Little v. Brunsman*, No. 1:12CV145, 2014 WL 4354547, at *30 (N.D. Ohio Sept. 2, 2014).

Tharp raised a claim of ineffective assistance of trial counsel on appeal, arguing that "counsel failed to raise any objection to the failure of the trial court to make a determination as to whether the multiple counts in this case required merger under the Double Jeopardy Clause." (R. 7-1, RX 11, PageID #: 99.) He argued that "counsel stood silent while Appellant's sentences were run consecutively, despite the fact that the requirement for merger [of allied offenses] is at the least arguable in this case." *Id.* at 104. As already discussed above, this is not the same theory of ineffective assistance of counsel that Tharp presents in his habeas petition. *See Wong*, 142 F.3d at 322; *Brandon* 2007 WL 786330, at *1.

15

In addition, Tharp did not appeal any claim of ineffective assistance of counsel to the Ohio Supreme Court.  *See generally* R. 7-1, RX 21, PageID #: 171.  Therefore, Tharp failed to exhaust this claim by presenting it to the state high court.  *Rust*, 17 F.3d at 160 (citing *Manning*, 912 F.2d at 881); *Townsend*, 2009 WL 589332, at *7.  As already noted above, the Supreme Court of Ohio will not consider a constitutional question that was not raised in the lower courts.  *Leroy*, 757 F.2d at 99; *Adams*, 484 F.Supp.2d at 769.  Tharp can no longer raise this claim in state court, as Ohio law would bar the claim on the basis of res judicata.  *Leroy*, 757 F.2d at 99.  State law no longer would permit Tharp to raise this ineffective assistance claim; consequently, it is defaulted.  *See Williams*, 460 F.3d at 806; *Adams*, 484 F.Supp.2d at 769.

Furthermore, the court's decision *supra* determined that Tharp procedurally defaulted his claim of ineffective assistance of appellate counsel.  Since Tharp has failed to establish cause to excuse the procedural default, the court need not address the issue of prejudice.  *Canty*, 56 Fed. Appx at 662 (citing *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000)).  The first ground of the petition is procedurally defaulted.

## IV.  CONCLUSION

It is recommended that the petition be denied.  The petition should not be granted because both grounds raised in the petition have been procedurally defaulted.


　　　　　　　　　　　　　　　　　　　　s/ David A. Ruiz
　　　　　　　　　　　　　　　　　　　　David A. Ruiz
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


Date:  December 9, 2019

16

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).